IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on March 8, 2019

**BOBBY K. WATSON v. MATTHEW T. WATSON ET AL.**

**Appeal from the Circuit Court for Monroe County**
**No. V-18-246S        J. Michael Sharp, Judge**

**No. E2019-00427-COA-T10B-CV**

This is an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, arising from an appeal filed by the plaintiff to the Monroe County Circuit Court ("trial court") from a judgment of the Monroe County General Sessions Court ("general sessions court"), granting the defendants immediate possession of certain contested property located in Madisonville, Tennessee.   The plaintiff challenges both the January 8, 2019 trial court order, which denied his initial and supplemental motions seeking judicial recusal of the trial court judge, and the subsequent order, which denied his motion to alter or amend the January 8, 2019 order.   Having carefully reviewed the petition for recusal appeal ("the Petition"), together with the challenged orders, we conclude that the Petition was not timely filed and accordingly dismiss this appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Appeal Dismissed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Bobby K. Watson, Madisonville, Tennessee, Pro Se.

R. Seth Oakes, Knoxville, Tennessee, for the appellees, Matthew T. Watson and Kayla D. Watson.

**OPINION**

I.   Factual and Procedural Background

The plaintiff, Bobby K. Watson ("Plaintiff"), filed his original motion and supplemental motion seeking recusal of the trial court judge on December 27, 2018, and

December 31, 2018, respectively. The trial court denied these motions in a lengthy order entered on January 8, 2019, wherein the court determined that Plaintiff had stated no grounds in either of his motions warranting the trial court judge's disqualification or recusal. The court also made the following findings with regard to the insufficiency of Plaintiff's motions:

> The court finds that neither of [Plaintiff's] motions, either the original motion to recuse or his supplemental motion to recuse, are supported by the required affidavit under oath or declaration as required under the rule. The court finds that [Plaintiff's] motions are also not accompanied by any separate affidavit nor were the motions notarized. The court finds that [Plaintiff's] motions do not comply with Rule 10B[.]

The order was stamped as filed by the trial court clerk on January 8, 2019, and bears a certificate of service indicating that it was mailed to all parties by the trial court clerk on that same date.

On January 14, 2019, Plaintiff filed several pleadings in an apparent effort to cure the procedural defects in his original and supplemental motions as identified by the trial court in the January 8, 2019 order denying those motions. First, Plaintiff refiled a motion to alter or amend the November 26, 2018 order granting summary judgment in favor of the defendants in the appeal from general sessions court, as well as Plaintiff's previously filed accompanying memorandum of law in support. These pleadings had been originally filed on November 30, 2018, and December 3, 2018, respectively, and remained pending at the time that Plaintiff filed his original and supplemental motions seeking recusal of the trial court judge.[1] It is unclear for what purpose Plaintiff refiled these pleadings; however, in the Petition filed in this Court, he characterizes these pleadings as a "timely filed [] motion and an accompanying memorandum of law to alter, amend or set-aside [sic] the Court's 8 January 2019 Order pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure."

Plaintiff also filed on January 14, 2019, what he identified as an amended supplemental motion seeking recusal of the trial court judge and an accompanying memorandum of law, together with a lengthy affidavit in support. Although both the memorandum of law and supporting affidavit in support were signed by Plaintiff and notarized, the motion was neither signed nor notarized. Moreover, contrary to the

---

[1]It is unclear from the record whether the motion to alter or amend the November 26, 2018 judgment remains pending in the trial court at this time; however, we assume for purposes of this interlocutory appeal as of right that it does. Otherwise, it would afford little for Plaintiff to have filed the petition for recusal appeal initiating this proceeding rather than simply challenging the orders on review in an appeal as of right from the trial court's final judgment. *See* Tenn. Sup. Ct. R. 10B, § 2.01 (explaining the "two alternative methods of appeal" for an order denying a motion seeking judicial disqualification or recusal as "the accelerated interlocutory appeal" provided by Rule 10B "or an appeal as of right following entry of the trial court's judgment").

requirements of Rule 10B, Plaintiff did not affirmatively state in the unsigned motion, accompanying memorandum of law in support, or accompanying affidavit that the amended supplemental motion was "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *See* Tenn. Sup. Ct. R. 10B, § 1.01.[2]

The Petition and correspondence attached thereto reveal that Plaintiff also may have filed on January 14, 2019, a pleading captioned, "The Plaintiff's Motion to Amend, Alter or Set-Aside the Court's 8 January 2019 Order Pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure." However, a conformed copy of that motion does not appear in the appendix record that accompanied the Petition initiating this appeal. Plaintiff ostensibly requested a hearing to take place on January 17, 2019, concerning both this motion and his amended supplemental motion seeking recusal of the trial court judge.

On January 24, 2019, the trial court denied by written order Plaintiff's motion to alter or amend the January 8, 2019 order. This order, *inter alia*, bears a certificate of service indicating that it was mailed to all parties by the trial court clerk on the date it was entered.

On March 6, 2019, Plaintiff filed the Petition initiating this Rule 10B appeal.[3] Upon review of the Petition and supporting documents, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the Petition was not timely filed as to either the January 8, 2019 or January 24, 2019 orders challenged in this proceeding. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

---

[2]On January 16, 2019, Plaintiff also filed an unsigned motion seeking leave to file the amended supplemental motion previously filed on January 14, 2019.

[3]Plaintiff previously had filed on January 18, 2019, a notice of appeal purporting to initiate an extraordinary appeal from the January 8, 2019 order pursuant to Tennessee Rule of Appellate Procedure 10. That appeal was dismissed by this Court on February 11, 2019. *See Watson v. Watson*, No. E2019-00185-COA-R10-CV, Order (Tenn. Ct. App. Feb. 11, 2019).

## II. Untimeliness of Petition for Recusal Appeal

An accelerated interlocutory appeal as of right from an order denying a motion for disqualification or recusal of a trial court judge is effected by the filing of a "petition for recusal appeal" with the appropriate appellate court "within twenty-one days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. The twenty-first day following entry of the January 8, 2019 order was January 29, 2019, and the twenty-first day after entry of the January 24, 2019 order was February 14, 2019. The instant Petition was not filed until March 6, 2019, and was therefore untimely. *See* Tenn. Sup. Ct. R. 10B, § 2.02. We note that we have no authority, pursuant to Tennessee Rule of Appellate Procedure 2, to suspend the time for filing a petition for recusal appeal. *See Muse v. Jolley*, No. E2014-02462-COA-T10B-CV, 2015 WL 303366, at *2 (Tenn. Ct. App. Jan. 23, 2015); *see also In re Allie A.*, No. M2018-00326-COA-R10B-CV, 2018 WL 1124517, at *1 (Tenn. Ct. App. Feb. 28, 2018). Upon careful review, we conclude that inasmuch as the petition for recusal appeal was untimely filed, this appeal must be dismissed.

## III. Conclusion

Having determined that this interlocutory recusal appeal was not timely filed from either of the challenged orders, we dismiss this appeal. This case is remanded to the trial court for further proceedings. Costs on appeal are taxed against the appellant, Bobby K. Watson, for which execution may issue, if necessary.

_____
THOMAS R. FRIERSON, II, JUDGE

4